UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN RICHARD | CIVIL ACTION |
| VERSUS | NO: 93-85 |
| WHITLEY, ET AL. | SECTION: "H"(4) |

### ORDER AND REASONS

Before the Court is a Motion to Set Aside Judgment (R. Doc. 12). For the following reasons, the Motion is DENIED.

### BACKGROUND

On March 3, 1989, a state court jury convicted petitioner John Richard for second-degree murder. *See State v. Richard*, 525 So. 2d 1097, 1098 (La. Ct. App. 5th Cir. 1988). The Louisiana Fifth Circuit Court of Appeal affirmed the conviction, *id.*, and the Louisiana Supreme Court denied writs,

1

*State v. Richard*, 538 So. 3d 609 (La. 1989).  Richard filed two applications for post-conviction relief.  (R. Doc. 12, Ex. F.)  The first was denied by the Louisiana Fifth Circuit Court of Appeal on March 21, 1990, and the second on February 29, 1991.  (*Id.*)  The Louisiana Supreme Court denied writs on November 6, 1992.  *See State v. Richard*, 606 So. 2d 534 (La. 1992); (R. Doc. 12, Ex. F.)

Richard filed a federal habeas petition in the Eastern District of Louisiana on February 12, 1993.  (R. Doc. 1.)  Judge Duplantier dismissed the petition with prejudice on August 16, 1993.  (R. Doc. 5.)  On January 25, 1995, the United States Court of Appeals for the Fifth Circuit affirmed.  *See Richard v. Whitley*, 47 F.3d 424 (5th Cir. 1995) (unpublished).

On October 5, 1994—while the appeal of his federal habeas petition was still pending—Richard filed a third application for post-conviction relief in state court.[1] (R. Doc. 12, Ex. F.). The trial court denied the petition. (*See id.*)  The Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court denied writs.  (*See id.*); *State v. Richard*, 693 So.3d 776 (La. 1997).

Richard claims to have filed a second federal habeas petition, which he identifies with docket number 97-588.  This docket number, however, relates to a case with different parties, before a different section of the Court.  In fact, this Court's research indicates that "97-588" was actually the docket number assigned to Richard's petition before the United States Court of Appeals for the Fifth Circuit for authorization to file a successive habeas petition.  That petition was

---

[1] Given the lack of citations in Richard's Motion, the Court is forced to cull most of the ensuing procedural history from a decision entered by the Louisiana Fifth Circuit Court of Appeal, attached to the Motion as Exhibit F.

denied on February 27, 1998.

Richard filed his fourth and final state court petition for post-conviction relief on March 3, 1999. (R. Doc. 12, Ex. F.) The trial court denied relief, as did the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court. (*See id.*)

Richard allegedly filed a third federal habeas petition in June of 2000, although he does not provide a docket number. The Court's research suggests that Richard may be referring to docket number 00-30755. Again, this docket number relates to a petition before the United States Court of Appeals for the Fifth Circuit for authorization to file a successive habeas petition, which was subsequently denied.

Richard filed the instant Motion under Rule 60(b), seeking relief from the final judgments entered in his three federal habeas cases.[2] According to Richard, the Louisiana Fifth Circuit Court of Appeal instituted a policy in 1994 with respect to *pro se* writ applications to circumvent the constitutional requirement that all appeals be decided by a panel of at least three judges.[3] Richard argues that his applications for post-conviction relief in the Louisiana Fifth Circuit Court of Appeal were subjected to this unconstitutional procedure of review. Richard furthers argues that, under 28 U.S.C. § 2254, this Court "applied a presumption of correctness to the State Appellate Court's

---

[2] This Motion was realloted to the undersigned following the death of Judge Duplantier.

[3] Richard has attached to his Motion what he purports are minutes from *en banc* meeting, which provide that Judge Edward Dufresne will "handle all pro se writ applications," effective February 8, 1994. (R. Doc. 12, Ex. B.)

3

interpretation of facts and determination of judgment" when adjudicating his federal habeas petitions. (R. Doc. 12.) Consequently, he argues, this Court's judgments are "null and void." (*Id.*)

**LAW AND ANALYSIS**

As noted above, while Richard purports to challenge judgments entered in three federal habeas cases, this Court has only been able to locate one such case—docket number 93-85. The post-conviction proceedings in the Louisiana Fifth Circuit Court of Appeal which preceded that petition occurred in 1990 and 1991. The appellate court did not implement the alleged unconstitutional review procedure until approximately three years later—February 8, 1994. Thus, Richard's post-conviction proceedings could not have been affected. Accordingly, the instant Motion lacks merit. Should Richard wish to raise these same arguments with his respect to his other alleged federal habeas petitions, he must file a motion in those proceedings.

**CONCLUSION**

The factual predicate of the instant Motion is the alleged misconduct of the Louisiana Fifth Circuit Court of Appeal. Because this misconduct is alleged to have occurred after the post-conviction proceedings associated with the habeas petition *sub judice*, the Motion is DENIED.

4

New Orleans, Louisiana, this 24th day of September, 2013.

_____
JANE TRICHE MILAZZO
**UNITED STATES DISTRICT JUDGE**